**Electronically Filed
Intermediate Court of Appeals
29987
26-APR-2013
08:12 AM**

NO. 29987

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PETE MUÑOZ and CONNIE MUÑOZ, Plaintiffs-Appellants, v. YOSHIMI HATA, SANAE HATA, SANAE HATA TRUST, JUNE THOMAS, PAUL THOMAS, JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE PARTNERSHIPS 1-5, DOE GOVERNMENTAL ENTITES 1-5, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 07-1-0541(2))


MEMORANDUM OPINION
(By:  Nakamura, C.J. and Fujise, J.,
with Leonard, J., dissenting.)

Plaintiffs-Appellants Connie and Pete Muñoz (collectively the Muñozes) appeal from the July 28, 2009 Amended Final Judgment in favor of Defendants-Appellees Yoshimi Hata, Sanae Hata, Sanae Hata Trust, June Thomas, and Paul Thomas (collectively the Defendants) entered by the Circuit Court of the Second Circuit (Circuit Court).[1]

**BACKGROUND**

This appeal stems from the termination of a lease and eviction of the Muñozes as tenants by Yoshimi Hata and Sanae Hata (collectively Defendants Hata) as landlords.  Defendant June Thomas is the daughter of Defendants Hata and is married to Defendant Paul Thomas (collectively Defendants Thomas).

---

[1]     The Honorable Shackley F. Raffetto presided.

Defendants Thomas reside with Defendants Hata. Pursuant to a lease dated December 31, 1988, the Muñozes occupied a small portion of Defendants Hata's property on Maui (the property) from January 1, 1989, until December 11, 2006. Pursuant to an amendment to the lease during this tenancy, Defendants Hata allowed the Muñozes to build a house (subject house) on the property. By a letter dated June 23, 2006, Defendants Hata terminated the lease and asked the Muñozes to vacate and remove the subject house from the property on or before October 23, 2006.

On October 23, 2006, Defendants Hata filed an action for summary possession in the District Court of the Second Circuit, Wailuku Division (District Court).[2] While the Muñozes did not contest the right of Defendants Hata to regain possession of the property, in both their Answer and Counter Complaint they contested the amount of time given by Defendants Hata to remove the subject house from the property. The Muñozes requested that the District Court grant them a reasonable, yet indeterminate amount of time in which to move the subject house to a new location.

On December 5, 2006, the District Court entered a Judgment for Possession and a Writ of Possession in favor of Defendants Hata with an effective date of December 11, 2006. The Writ of Possession ordered the removal of

> Defendant(s) and all persons holding under or through him/her/them from the premises above-mentioned, including his/her/their personal belongings and properties, and to put Plaintiff(s) in full possession thereof[.]

On January 17, 2007, the District Court entered a Final Judgment, ordering

---

[2] This lawsuit was assigned Civil DC No. 06-1-1584.

> that the Judgment for Possession and the Writ of Possession
> filed on December 5, 2006 and executed on December 11, 2006,
> are hereby entered as a final judgment in favor of
> Plaintiffs and against the Defendants.
>
> There are no other claims and/or parties remaining in
> the action.

This Final Judgment was affirmed on appeal by summary disposition order on September 10, 2008. However, this court's decision was limited to review of the judgment entered on Defendants Hata's complaint for summary possession. We observed,

> [i]n their "Counter Complaint Exceeding Opposing
> Claim" filed on October 31, 2006 (counterclaim), [the
> Muñozes] described the history of their use of the leased
> premises and requested that the district court "allow [them]
> an indeterminate time period to move their home to a new
> location, predicated on [the Muñozes'] genuine efforts to
> expedite this move and those efforts to be determined by
> monthly certified reports submitted by [the Muñozes] to
> [Defendants Hata's] attorney." It does not appear from the
> record that the district court entered a final order or
> judgment as to [the Muñozes'] counterclaim. We therefore
> have no jurisdiction to address [the Muñozes'] arguments on
> appeal regarding the counterclaim.

Hata v. Muñoz, 118 Hawai'i 420, 191 P.3d 1097, No. 28291 at *3 (App. Sept. 10, 2008) (SDO) (footnote omitted) (Hata I).

Meanwhile, on December 19, 2007, the Muñozes filed the instant action against Defendants Hata, the Sanae Hata Trust, and Defendants Thomas, alleging that the Defendants took possession of the Muñozes' house without permission on or about December 12, 2006. The Muñozes made two claims, one for conversion and one for intentional and/or negligent infliction of emotional distress (IIED) arising from this incident.

On April 18, 2008, the Circuit Court granted the Muñozes' request for medical accommodation which provided that all hearings would be set for 9:30 a.m. or later.

On November 19, 2008, the Defendants filed a Motion for Summary Judgment; the Muñozes filed their Answer to the Defendants' Motion for Summary Judgment on December 29, 2008. The Defendants filed a reply to the Muñozes' answer on January 2, 2009. The hearing on the summary judgment motion commenced on

3

January 7, 2009 at 8:30 a.m.; the Muñozes were not present.[3] The Circuit Court granted the Defendants' summary judgment motion and the order was filed on February 2, 2009.

However, before the February 2, 2009 order was filed, the Muñozes moved for reconsideration of the order granting summary judgment. The Muñozes did not attend the hearing held on their motion which was set for March 18, 2009 at 9:30 a.m. The Circuit Court entered an order denying the Muñozes motion for reconsideration stating, inter alia, the following:

> 1. Plaintiffs claim that they were not given adequate time to respond to Defendant's Motion for Summary Judgment or to be represented at the hearing on the Motion for Summary Judgment held on January 7, 2009. They were thus provided this setting in order to do so. Plaintiffs had their opportunity to make their representations and arguments to the Court on their Motion for Reconsideration at the hearing held on March 18, 2009 set for 9:30 a.m. but failed to appear in court when the case was called at 9:40 a.m.
>
> 2. Again after reviewing the pleadings and records herein, the Court does not find any claims raised by the Plaintiffs in this action that had not been or could not have been previously raised in both the prior Second Circuit Court case, Civil No. 06-1-0283(1), *Pete and Connie Munoz vs. Yoshimi Hata, Sanae Hata, Sanae Hata Trust, Paul and June Thomas, Larry and Lori Land*, and the summary possession proceedings, DC Civil No. 06-1-1584, *Yoshimi Hata and Sanae Hata vs. Pete Munoz and Connie Munoz*. Further, in their Motion for Reconsideration no new evidence that could not have already been presented to this Court in their previous opposition was submitted and the standard for reconsideration was not met.
>
> 3. After reviewing Plaintiffs' letter dated March 3, 2009, attached as Exhibit "A" to Defendants' Request for Court Instructions Directing Plaintiffs to Refrain from Abusive Correspondence filed March 11, 2009, the parties are reminded to refrain from correspondence and sending abusive letters to each other.
>
> IT IS HEREBY ORDERED that the Plaintiff's Motion for Reconsideration, filed January 21, 2009, is denied in its entirety.

The Muñozes appear to raise the following points in this appeal:

---

[3] The Muñozes arrived at the correct courtroom in circuit court at 9:27 a.m.

4

1.  The Circuit Court erred in not following its "Order Granting Plaintiffs' Ex-Parte Motion for Accommodating Medically Disabled Persons Under the Federal Disability Act" which resulted in the Muñozes failing to attend the January 7, 2009 Summary Judgment hearing.

2.  The Circuit Court erred in granting summary judgment in favor of the Defendants based on the preclusive doctrines of *res judicata* and collateral estoppel.

3.  Judge Shackley F. Raffetto was biased against the Muñozes because of the language in Judge Joel E. August's Certificate of Recusation and Order of Reassignment.

## DISCUSSION

### A.

While the Circuit Court erred in setting the hearing on Defendants' motion for summary judgment at 8:30 a.m. contrary to its April 18, 2008 order granting the Muñozes' motion for accommodation, as the Muñozes have failed to demonstrate they were prevented from responding to the motion for summary judgment or were otherwise harmed by this early setting, we conclude that the error was harmless. Hawaii Revised Statutes (HRS) § 641-2 (Supp. 2012). The Muñozes filed their opposition to the motion for summary judgment with the Circuit Court. The Muñozes also filed their January 21, 2009 "Motion for Reconsideration on Defendant's [sic] Motion for Summary Judgment," where they specifically raised the early setting of the hearing on the motion for summary judgment along with their position on the summary judgment decision on the merits. We note that while the Muñozes were given a hearing on their motion for reconsideration, they failed to appear.[4] As this court stated in Hata I, "it is

---

[4]  The Muñozes claim that they considered

the matter of reconsideration is **moot** by virtue of the fact that a **Final Judgment** was filed on 24 February 2009. **"Final Determination. Final judgment is synonymous. The final setting of the rights of the parties to an action beyond all**

(continued...)

5

axiomatic that the 'fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.' The record on appeal indicates that [the Muñozes] were provided opportunities to be meaningfully heard . . ., but they failed to take advantage of them." Hata I, at *5 (internal citations omitted).

**B.**

We review the granting of a motion for summary judgment de novo, Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 295-96, 141 P.3d 459, 468-69 (2006), and conclude the Circuit Court erred in granting the Defendants' motion for summary judgment. The Muñozes argue that the Circuit Court's determination that their action against the Defendants was barred by res judicata and collateral estoppel was wrong because "there exists no substantial facts and evidence to show that res judicata and collateral estoppel exists" and that "you cannot bring action against someone until the act or actions have occurred."

Res judicata is applicable when the following three requirements have been met:

> (1) the **claim or cause of action** in the present action is identical to the one decided in the prior adjudication; (2) there was a final judgment on the merits in the prior adjudication; and (3) the parties to the present action are the same or in privity with the parties in the prior action.

Smallwood v. City & Cnty. of Honolulu, 118 Hawai'i 139, 146-47, 185 P.3d 887, 894-95 (App. 2008). All three requirements must be met for the doctrine to apply. Aloha Unlimited, Inc. v. Coughlin, 79 Hawai'i 527, 536, 904 P.2d 541, 550 (App. 1995) ("three questions must be answered in the affirmative").

In the instant case, the Muñozes appear to raise two claims. The first appeared to allege Defendants unlawfully took possession of the subject house and the second appeared to claim

---

[4](...continued)
**appeal.**" (Black's Law Dictionary, Revised Fourth Edition) Beyond all appeal within the Circuit Court.

IIED by virtue of this allegedly unlawful taking. Our review of the record reveals that, with regard to both claims, the second requirement for the application of *res judicata*--that there must be a final judgment on the merits--has not been met. As observed in <u>Hata I</u>, the District Court did not rule on the Muñozes' counterclaim for more time to remove the subject house and final judgment was entered on the Defendants' complaint for summary possession only. <u>Hata I</u>, at *3. Consequently, there was no final judgment on the merits of the Muñozes' counterclaim, making the doctrine of *res judicata* inapplicable to that claim. As to the IIED claim, as it was based on the taking of the subject house, that had not occurred at the time the Muñozes filed their counterclaim, the same could not have been pleaded nor could have been decided.

In order to establish collateral estoppel, the party asserting this preclusive doctrine has the burden of establishing that:

> (1) the fact or issue in the present action is identical to the one decided in the prior adjudication; (2) there was a final judgment on the merits in the prior adjudication; (3) the parties to the present action are the same or in privity with the parties in the prior action; and (4) the fact or issue decided in the prior action was actually litigated, finally decided, and essential to the earlier valid and final judgment.

<u>Smallwood</u>, 118 Hawai'i at 147, 185 P.3d at 895. As with the doctrine of *res judicata*, because both of the claims in the present lawsuit were not previously decided, the requirements of collateral estoppel have not been met. The Circuit Courts' entry of summary judgment based on these doctrines must therefore be vacated.

### C.

Finally, the Muñozes challenge the neutrality of Judge Raffetto. In <u>Aga v. Hundahl</u>, 78 Hawai'i 230, 891 P.2d 1022 (1995), the Hawai'i Supreme Court stated that

7

> in the administration of justice by a court of law, no
> principle is better recognized as absolutely essential than
> that in every case, be it criminal or civil, the parties
> involved therein are entitled to the cold neutrality of an
> impartial judge.  The right of litigants to a fair trial
> must be scrupulously guarded.

Id. at 242, 891 P.2d at 1034 (brackets and ellipsis omitted)

(quoting Peters v. Jamieson, 48 Haw. 247, 262, 397 P.2d 575, 585

(1964)).  "However, reversal on the grounds of judicial bias or

misconduct is warranted only upon a showing that the trial was

unfair.  Unfairness, in turn, requires a clear and precise

demonstration of prejudice."  Aga, 78 Hawai'i at 242, 891 P.2d at

1034 (citations omitted).  However, "standing alone, mere

erroneous or adverse rulings by the trial judge do not spell bias

or prejudice."  Id. (internal quotation marks, citation, and

brackets omitted).

This court notes that HRS § 601-7(b) (1993) requires

that "a judge shall be disqualified whenever a party files a

legally sufficient affidavit showing bias or prejudice but

contains the critical requirement that the affidavit be timely

filed before the hearing or the action or proceeding and, if not,

that good cause shall be shown."  Yorita v. Okumoto, 3 Haw. App.

148, 152, 643 P.2d 820, 824 (1982).  The Muñozes do not allege

that they filed such an affidavit before the Circuit Court.

The Muñozes allege that Judge Raffetto was biased

towards the Muñozes because of language contained in Judge

August's Certificate of Recusation and Order of Reassignment

[Certificate of Recusation] in which Judge August disqualified

himself from this action.  In his Certificate of Recusation filed

on December 19, 2007, Judge August states that

> [t]he undersigned is currently presiding in a proceeding in
> which [the Muñozes] are the Guardians for an incompetent
> adult defendant. [The Muñozes] have taken a hostile attitude
> toward the Court and the Court feels it would be difficult
> to be objective in deciding issues that might arise in this
> case.

In their opening brief, the Muñozes rhetorically argue, "Would it

not be reasonable and acceptable for anyone to consider the

remarks made in Judge August's [Certificate of Recusation] not to

be extremely prejudiced towards [the Muñozes] and the overall conduct of their case?" The Muñozes also contend that the statement made by Judge August "coming from a fellow judge is contagious" regarding their hostility towards the court.

Without more, such accusations are insufficient to establish bias. Indeed, even circumstantial evidence of a trial judge's erroneous or adverse rulings is insufficient to support a claim of judicial bias. Aga, 78 Hawai'i at 242, 891 P.2d at 1034. The Muñozes have failed to point to any proof of "clear and precise demonstration of prejudice" on Judge Raffetto's part. Therefore, we conclude this point of error is meritless.

## CONCLUSION

For the reasons stated herein, we vacate the July 28, 2009 Amended Final Judgment entered by the Circuit Court of the Second Circuit and remand for further proceedings consistent with this memorandum opinion.

DATED: Honolulu, Hawai'i, April 26, 2013.

On the briefs:

Pete Muñoz and
Connie Muñoz
Plaintiffs-Appellants, pro se.

*Craig H. Nakamura*

Chief Judge

Deborah K. Wright and
Keith D. Kirschbraun,
for Defendants-Appellees.

Associate Judge